Benja: Lynde, ⎫
John Cuſhing, ⎪
Chambers Ruſſell, ⎬ Eſqrs., Juſtices.
Peter Oliver, ⎭

———————

## Baker *verſ.* Mattocks. (1)

**T**HE Queſtion in this Caſe was, whether Eſtates in Tail are partable in this Province, by the Province Law.

*Mr.*

———————

(1) *Formedon in the defcender*. The declaration alleged a gift in tail to Samuel and Conſtance Mattocks, and a defcent according to the form of the gift to Samuel, the ſon of the donees, and to the ſaid Samuel's eldeſt ſon, who died leaving the plaintiff and another daughter, who died leaving a ſon, who died without iſſue, "after whoſe death the whole right to the demanded premiſes came to the plaintiff according to the form of the gift." The ſpecial verdiſt found that Samuel, the grandfather of the plaintiff, made a deed of the premiſes to the defendant, one of his younger ſons, and that there were many other defcendants

1763.

BAKER
*v.*
MATTOCKS.

Rec. 1763.
Fol. 118.

The Prov. St. of 4 W. & M. by which Lands deſcend to all the Children, and which empowers the Anceſtor to convey or deviſe them at his Pleaſure, does not extend to Eſtates Tail, but leaves

*1763.*

BAKER
*v.*
MATTOCKS.

them as at
the Common
Law. *Cuſh-
ing, J., &
Hutchinſon,
C. J., diſſ.*

*Mr. Fitch in Favour of the Partability.* The Deſign of the Province Law (2) was to alter the Common Law Deſcent. All Eſtates Tail at Common Law were Fee Simple conditional. Co. Lit. 20 a. 'Tis the Statute of Weſtminſtèr that forms Eſtates Tail. This Statute does not alter the Courſe of the Common Law Deſcents, it only limits them. Co. Lit. 19 a. Co. Lit. 110 b. This is the Caſe of Gavelkind Lands. Vin. Tit. Gavelkind, B.

*Juſtice Ruſſell.* The Common Law never took Place with Regard to Gavelkind Lands, but the Common Law takes Place here unleſs in Caſe of particular Eſtates.

*Mr. Gridley.* The Tail is only cut out of Fee Simple,

---

ants of the original donees beſides the parties to this caſe ; " and if it ſhall appear to the Court upon the whole ‎that the ſaid Samuel and Con-ſtance, the donees, took an eſtate in tail, and that the ſaid eſtate tail is not made partible by the law of this Province, then the jury find for the appellant poſſeſſion of the premiſes ſued for and coſts ; otherwiſe they find for the appellee coſts."

(2) Prov. St. 4 W. & M. This was the law by which the right of primogeniture was firſt aboliſhed in the Province, for the reaſons ſet forth in the preamble as follows :

" Whereas eſtates in theſe plantations do conſiſt chiefly of lands which have been ſubdued and brought to improvement by the induſtry and labour of the proprietors, with the aſſiſtance of their children, the younger children ‎generally having been longeſt and moſt ſerviceable unto their parents in that behalf, who have not perſonal eſtate to give out unto them in portions, or otherwiſe to recompenſe their labour. " Seſt. 1. Be it therefore enaſted," &c., " that every perſon lawfully ſeiſed of any lands, tenements, or hereditaments within this province, in his own proper right in fee ‎ſimple, ſhall have power to give, diſpoſe, and deviſe as well by his laſt will and teſtament in writing as otherwiſe by any aſt executed in his life, all ſuch lands, tenements, and hereditaments to or among his children or others as he ſhall think fit at his pleaſure, and if no ſuch diſpoſition, gift, or deviſe be made," then pre-ſcribing the rules of deſcent to all the children. Anc. Chart. 230.

Simple, it is only excluding others to whom it would otherwiſe deſcend.

*Mr. Thacher.* But for the Province Law, neither Fee Simple or Tail would be partable. The Queſtion then is, whether this Law is extended to Eſtates Tail; by this Law, every Perſon ſhall have Right of Diſpoſition, and if no ſuch be made, then follow the Rules of Deſcent. 'Tis certain the Legiſlature had Fee Simple only in Contemplation ; both would have gone according to the Common Law of England, but our Fee Simple is by this Act taken out of that Courſe, while the Fee Tail is not. The Statute of Weſtminſter left Gavelkind as it found it. Lilly, 648. 'Tis otherwiſe with Regard to our Province Law, which ſhall alter no further than its Deſign to alter.

*Mr. Otis.* The Manner of Succeſſion, if traced to its Original, is merely arbitrary ; the Law of Nature is a Stranger to it; by that, no Man has a Right to more than his Life. States have an undoubted Right to ſettle it as they pleaſe : I ſay this in Anſwer to the Argument of the Natural Right of Deſcent to all the Children alike. When once any State has ſettled the Courſe of Deſcents among them, 'tis of great Importance that the Principles ſhould be kept to. The Method of Deſcent in England to the eldeſt Son is 700 Years—nay, as old as the Common Law itſelf. I conclude that before the Conqueſt the Right of Primogeniture did not take Place ; ſomewhere between William 1 and Henry 1 it aroſe, but that does not affect the Caſe ; it is now, and long has been ſo ſettled. Now as the
Province

1763.

BAKER
v.
MATTOCKS.

Province Law has altered this Rule of Deſcent with Regard to the Fee, the Queſtion is, whether of Conſequence it has alter'd the Courſe of Tails. No Statute can alter the Courſe of the Law further than the expreſs Words of the Statute. Viner, Tit. Tail. It has been doubted whether any Alteration at all by our Province Law is good; it has been determin'd to be good at Home in the Caſe of Fee Simple, and for the Reaſon given in our Law, which does not hold with Regard to Tails.

*Mr. Gridley.* The Queſtion is, whether as Fee Simple is partable by Cuſtom or by Law of the Land, Tail is not alſo partable; that is the Caſe in the Cuſtom of Gavelkind. Fee Simple contains in it Fee Tail, which is a Part of it; as it was in the Fee Simple, ſo muſt be the Courſe of Deſcent in the Fee Tail. Heirs in Fee Simple are Heirs in Fee Tail; only certain Heirs are excluded, cut out, and 'tis an univerſal Interpretation of theſe limited Eſtates, that they ſhould follow the Rule of Fee Simple. Now ſhall we take the Courſe of our Eſtates Tail from our own Fee Simple, out of which they are created, and interpret the Rule of their Deſcent by it, or to interpret our Tails ſhall we have Recourſe to the Fee Simple of England to judge of our Tail?

*Juſtice Oliver.* Till the Statute *De Donis*, Tails were Fee Simple Conditional; by that, Eſtates Tail were created. We brought over both the Common Law and Statute with us. (3) This Law of ours relates

---

(3) S. P. 1 Maſſ. 60, 61. 2 Maſſ. 534. 8 Pick. 316. 13 Met. 68.

relates particularly to Fee Simple, and I think does
not affect Eſtates Tail, but leaves them as in Eng-
land. I am againſt the Partability.     *N O*

*Juſtice Ruſſell.* The very Intent of Tails was to
ſecure Eſtates in Familys, and keep them together.
The Intent ought to be obſerved, but would be
deſtroyed by ſuch a Conſtruction of the Law. I am
therefore againſt the Partability.     *No*

*Juſtice Cuſhing.* This Point is of great Conſe-
quence to the Province, and it would be attended
with great Difficulty at this Day to determine, that
Eſtates Tail were partable, the general Tenor hav-
ing been otherwiſe, yet if the Law is plain, as I
hold it is, I don't ſee how it can be help'd. If
there was no other than Fee Simple intended by
the Prov. Law; yet as it was there ſettled, who
were Heirs, that ſettled Eſtates of Inheritance, all
being made out of Fee Simple, and being a Limita-
tion, not an Alteration. This is the Manner of
Conſtruction of the Law at Home: Where Fee Sim-
ple is partable, ſo are Eſtates Tail; and where Fee
Simple deſcends to the eldeſt Son, ſo does Tail.

*Juſtice Lynde.* Had there been no particular
Law of our Province, I ſhould have thought Fee
Simple and Tail would have gone alike, but now I
think by our Law, Fee Tails are exempted and left
at Common Law. Fee Eſtates only are directed to
deſcend to all the Children, and with Reaſon. It
ſeems directly againſt the Reaſon and Intent of
Eſtates Tail that they ſhould be partable, and that
                                              they

they are not made partable by this Law, is my Opinion.    NO

*Ch. Juſtice.* It ſeems evident to me that it is the Spirit of the Engliſh Law, that all Inheritances ſhould follow the Method of Fee Simple : If it was now a thing intirely upon the Law I ſhould not have the leaſt Difficulty of thinking Fee Tail, as well as Fee Simple, was partable ; but it has been ſo long thought otherwiſe here, and this has been the uninterrupted contemporaneous Expoſition of the Law, and many Judgments of Court founded on it, that it creates a great Difficulty, and I am glad that the Point is determined without me, for how ſuch a Cuſtom can prevail againſt plain Law, I doubt. (4)

---

(4) Judge Trowbridge, in an opinion given upon the will of Shute Shrimpton Yeomans, who died in 1769, (for an opportunity of examin-ing which we are indebted to Edmund Trowbridge Dana, Eſq.,) took the ſame view of the law as the Chief Juſtice and Juſtice Cuſhing in this caſe.    But the law in this State has ſince been ſettled in accordance with the deciſion of the majority of the Court.    *Corbin* v. *Healy*, 20 Pick. 516.    *Wight* v. *Thayer*, 1 Gray, 284, 286.    It was not until after the Revolution that the proviſions for barring entails by common deed of warranty were enaɔted.    St. 1791, c. 60.    And even at the preſent day this cannot be done by will.    Gen. Sts. c. 92, § 1.    6 Gray, 24.